**Ina M. BEHRENS, Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Appellee.**

**No. 90–2460.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 7, 1990.

Decided Dec. 12, 1990.

As Amended Feb. 27, 1991.

Frederick S. Spencer, Mountain Home, Ark., for appellant.

J. Michael Fitzhugh and William M. Cromwell, Fort Smith, Ark., and Joyce Shatteen, Dallas, Tex., for appellee.

Before ARNOLD, Circuit Judge, HEANEY, Senior Circuit Judge and FAGG, Circuit Judge.

ARNOLD, Circuit Judge.

The Court holds that it lacks jurisdiction of the present appeal. Two claims were made in the District Court: a claim for disability insurance benefits and a claim for disabled widow's benefits. The District Court has finally rejected the second claim, but the first claim has been remanded to the Secretary for further development of the record. In this situation, there has not yet been a final judgment, disposing of both claims pleaded in the complaint. Nor has there been a certification under Fed.R. Civ.P. 54(b).

The appeal will therefore be dismissed for want of jurisdiction. This action will not prevent Ms. Behrens from ultimately securing appellate review as to both her claims, if necessary. If, after proceedings on remand with respect to the disability insurance claim, the Secretary again rejects this claim, Ms. Behrens may file an action in the District Court seeking review of that rejection. When the District Court disposes of that action, its judgment should, in addition to deciding the disability insurance claim, reiterate its rejection of the widow's benefits claim. At this point, all claims will have been disposed of, and an appeal will lie to this Court on the part of any party aggrieved.

It is also possible that Ms. Behrens may prevail on remand to the Secretary with respect to her disability insurance claim. If this occurs, the District Court, on proper motion by the claimant, should enter a fresh judgment rejecting the claim for disabled widow's benefits. Ms. Behrens may then file a timely notice of appeal to secure review of that judgment.

We also note, in accordance with the Appellee's Memorandum Concerning Jurisdictional Issue, that, during the remand proceedings on her worker's benefits claim, appellant may either seek a reopening of the widow's benefits decision under 20 C.F.R. §§ 404.987–404.989, or file a new application for widow's benefits. There is precedent indicating that this course of action might be advantageous for Ms. Behrens. See *Davidson v. Secretary,* 912 F.2d 1246 (10th Cir.1990) (holding that Secretary must consider any medical evidence relevant to residual functional capacity of claimant for widow's disability benefits).

The action we take is consistent with *Mesa v. Secretary of Health & Human Services,* No. 89–2024 (10th Cir. September 5, 1990) (unpublished order and judgment).

On this understanding, the appeal is dismissed.

It is so ordered.